UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIAN MANAGEMENT, LLC** <br> **AND NEW ORLEANS NAVY HOUSING, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1487** |
| **BXS INSURANCE, INC.** | **SECTION "L" (2)** |

## ORDER AND REASONS

Pending before the Court is a Motion for Reconsideration by Plaintiffs Patrician Management LLC, and New Orleans Navy Housing, LLC ("Plaintiffs"), at R. Doc. 22, of the Court's Order and Reasons granting Defendant BXS Insurance Inc.'s motion, at R. Doc. 20, to dismiss Plaintiff's against it. Defendant opposes Plaintiffs' motion. R. Doc. 23. Having considered the briefing and relevant law, the Court rules as follows.

**I.     BACKGROUND**

This case arises out of an alleged breach of an insurance agent's duty to Plaintiffs Patrician Management, LLC and New Orleans Navy Housing, LLC ("Plaintiffs") by Defendant BXS Insurance Inc. ("BXS"). Plaintiffs own and manage the housing units at the Naval Air Station Joint Reserve Base in Belle Chasse, Louisiana and in Federal City in Algiers, Louisiana. R. Doc 1-1 at 2. Plaintiffs allege that they first hired BXS to provide insurance on their properties at some time prior to April 2020. *Id*. From April 23, 2020 through April 23, 2021 BXS provided commercial insurance for Plaintiffs' properties. *Id*. Plaintiffs allege that, under the 2020-2021 policy (hereinafter, "Policy 1") they paid a premium of $1,161,299 based upon an estimated total value of the property of $107,688,973. Under Policy 1, a "Named Storm" deductible provision was included. *Id.* This provision provided that the deductible would

1

constitute "3% of Total Insurable Value at the time of the loss at each Insured Location involved in the loss or damage." *Id*. Thereafter, Plaintiffs property was damaged by Hurricane Zeta. *Id.* at 3. Plaintiffs allege that their deductible for their Zeta claim was calculated to be $3,230,069, or 3% of $107,688,973, which Plaintiffs allege was "amount calculated by the underwriters based on the estimated total value of the property that BXS provided in connection with procuring" their coverage *Id*.

Plaintiffs allege that, sometime before the end of Policy 1, they procured insurance through BXS again for a policy that would be valid from April 23, 2021 through April 23, 2022 (hereinafter, "Policy 2"). *Id.* BXS proposed the inclusion of an additional endorsement to Policy 2, called the "Per Building Deductible Endorsement." *Id.* at 3. Under the endorsement, the following modification was made to the "Named Storm" provision:

> **DEDUCTIBLE (APPLICABLE TO NAMED STORM)**
>
> The following provision set forth in Items **8.D.1.** and **8.D.2.** of the Declarations:
>
> > "Total Insurable Values at the time of the loss at each **Insured Location** involved in the loss damage"
>
> is deleted and replaced with:
>
> > "Total Insurable Values at the time of the loss for each **Building** involved in the loss or damage at each **Insured Location** involved in the loss or damage"

R. Doc. 7-2 at 65. Plaintiffs allege that BXS told them that this endorsement "would be more beneficial in the event of a smaller loss where only some of the buildings at the property locations, rather than all of them, are affected." R. Doc 1-1 at 3. Plaintiffs allege that they selected this option and paid $8,142 in additional premiums for the endorsement. *Id.* Plaintiffs allege that they paid a total premium of $1,290,928, which was based upon an estimated total value of the property of $112,662,167. *Id.* at 4. Again, they allege that this total value of the property was provided by BXS "in connection with procuring" their coverage. *Id.* at 4

2

Plaintiffs allege that, on or about August 29, 2021, all—rather than some—of their residential housing units in Belle Chasse and Algiers were damaged by Hurricane Ida. *Id.* at 4. They allege that, rather than calculating the deductible for this claim at 3% of the $112,662,167 estimated value of the property provided by BXS, the underwriters calculated the deductible as 3% of $169,290,581.77. *Id.* Plaintiffs allege that, despite paying an additional $8,142 in premiums for their 2021-2022 policy, the increased valuation of the properties caused their deductible to rise significantly. *Id.* Plaintiffs allege that BXS never "disclose[d] to [Plaintiffs] the basis for the estimated total values of the property it used to procure coverage for each period." *Id.* Further, Plaintiffs allege that the increase in the valuation resulted from the change recommended by BXS, which increased their deductible and reduced the amount received for their covered losses. *Id.*

Plaintiffs claim that BXS breached its duty as an insurance agent when it failed to advise them that "in the event of a loss such as Hurricane Ida, where all of the buildings at both property locations were damaged," they would face a "substantial and significant increase in their deductible over what it would otherwise have been if the 'Per Building Deductible Endorsement' was not added to the policy." *Id.* at 5. Plaintiffs claim that, due to the negligence of Defendant, they are entitled to recover in damages the $1,698,852.55 increase in the deductible. *Id.*

On May 26, 2022, Defendant removed this case to federal court based on diversity jurisdiction. R. Doc. 1 at 1. Defendant subsequently filed its Motion to Dismiss, which the Court granted on March 31, 2023. R. Doc. 20.

## II.     PRESENT MOTION

In their Motion to Reconsider, Plaintiffs ask this Court to reconsider its ruling on Defendant's previous motion to dismiss, R. Doc. 20, and the related judgment dismissing

3

Plaintiffs' claims against the Defendant, R. Doc. 21. Plaintiffs seek to amend their petition to allege sufficient facts and allegations to maintain their cause of action. Plaintiffs argue that Rule 60(b)(1) provides grounds for the request, claiming that as a result of some "mistake, inadvertence, surprise, or excusable neglect," their petition did not expressly assert the facts which would maintain their claim and cause of action. R. Doc 22 at 3. Plaintiffs also assert that Rule 60(b)(6) allows a Court to grant reconsideration for "any other reason that justifies relief" and that, in this case, the interests of justice would require that the Court allow the Plaintiffs the opportunity to amend their pleadings.

In opposition, Defendant argues that Plaintiffs' failure to sufficiently plead causes of action against the Defendant was not the result of mistake, inadvertence, surprise, or excusable neglect nor any other extraordinary circumstances that would justify reconsideration by the court. Additionally, Defendant contends that even if the Court were willing to reconsider, the Plaintiffs could provide no new allegations that would cure their defective complaint.

### III.   APPLICABLE LAW

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Fed. R. Civ. Pro. 59(e); if filed after ten days, the Court must hold them to the more stringent standards of a Fed. R. Civ. Pro. 60(b) motion for relief from judgment. *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). Relief is warranted only when the basis for relief is "clearly establish[ed]." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). The Fifth Circuit instructs that reconsideration is "an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). In deciding whether to grant a motion for reconsideration, the court must "strike the proper balance between two

competing imperatives: (1) finality and (2) the need to render just decisions on the basis of facts." *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993). However, a motion for reconsideration is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Rule 60 provides for relief from a final judgment in a number of instances, including due to "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief." A party cannot obtain relief under Rule 60(b)(1) merely because he is unhappy with the judgment, but instead must make some showing of why he was justified in his mistake, inadvertence, or neglect. Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2858 (West 1973). Moreover, a motion under Rule 60(b)(6) is a "catch all" basis for relief and allows relief from judgment for "any other reason justifying relief from the operation of the judgment," but the situation must be "extraordinary" to fall within that exception. *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005).

IV. **DISCUSSION**

Plaintiff claims that the facts plead in their Petition, specifically those in paragraphs 9 and 13 of their complaint, were sufficient to support their claims under the fact pleading standard used in Louisiana courts, and ask for leave to amend their Petition to elaborate on these facts so as to satisfy federal pleading standards. R. Doc. 22 at 4. However, Defendant notes that federal notice pleading requires only "a short plain statement of the claim showing that the pleader is entitled to relief" that would "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Parker v. State of La. Dept. of Educ.*, 2007 WL 2751213, *2 (W.D. La. 2007). Defendant argues, therefore, that no mistake, inadvertence, surprise, or

excusable neglect was made as a result of removing the petition since the federal standard is less stringent than the state standard.

In their original petition and in this motion, Plaintiffs fail to direct the Court to allegations of fact to support their contention that BXS is liable for their increased property valuation in 2021. The Plaintiffs re-state the same arguments they asserted in opposition to Defendant's motion to dismiss and present no new evidence. The Fifth Circuit has instructed that "[i]n cases where a party seeks to amend a complaint after entry of judgment, 'we have consistently upheld the denial of leave to amend where the party seeking to amend has not clearly established that he could not reasonably have raised the new matter prior to the trial court's merits ruling.'" *See Heimlich v. Harris County*, Texas, 81 Fed. Appx. 816, 817 (5th Cir. 2003) (citing *Briddle v. Scott*, 63 F.3d 364, 380 (5th Cir. 1995)).

In their complaint and in their opposition to the motion to dismiss, Plaintiffs claim that their injury was caused by the Per Building Deductible Endorsement because, in the year after they signed up for that endorsement, their deductible was larger than expected. But Plaintiffs fail to state how Defendant's Per Building Deductible Endorsement could have had any effect on the property valuation determined by the Underwriters since the Per Building Deductible Endorsement does not dictate how the underwriters value the property. Based on the language of the policy they have provided to this Court, the Per Building endorsement simply causes the underwriters to use the property valuation, determined by another section of the policy, to calculate a deductible as determined by the endorsement. R. Doc. 7-1 at 7. It was the increase in the property valuation that caused the higher deductible, not the manner in which the deductible was calculated per the endorsement.

In their motion for reconsideration, Plaintiffs ask the court to consider two documents outside of the pleadings, neither of which bridges the gap between the higher deductible calculated by the underwriters and the actions of the insurance agent that procured the policy for them. The first is a letter from underwriters that restates the Per Building Deductible policy—that only damaged buildings will be included in the deductible calculations—but does not modify how underwriters will value those buildings. R. Doc. 22 at 6. The second is a report listing calculated property values. The report does not suggest that the endorsement affected the method of valuation. R. Doc. 22 at 7. Plaintiffs fail to state a claim because they do not allege that BXS caused Plaintiffs' alleged injury by calculating the property valuations that ultimately resulted in Plaintiffs' higher deductible.

Furthermore, Plaintiffs have identified no extraordinary circumstances to justify relief under Fed. R. Civ. Pro. 60(b)(6), which also requires that the party be "faultless in the delay." *Rivera v. Walmart, Inc.*, No. 19-12616, 2022 U.S. Dist. LEXIS 26685, at *7 (E.D. La. Feb. 15, 2022) (citing *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 815 (5th Cir. 1993)). As the Fifth Circuit explained:

> As for a motion under clause (6), the movant must show the initial judgement to have been manifestly unjust. Clause (6) is a residual or catch-all provision to cover unforeseen contingencies—a means to accomplish justice under exceptional circumstances.

*Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (internal quotation marks and footnotes omitted). "'The broad power granted by clause (6) is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests.'" *United States v. O'Neil*, 709 F.2d 361, 373 n.12 (5th Cir. 1983) (quoting 11 Wright & Miller § 2864 at 214-15). Plaintiffs allege that the interest of justice justifies their relief to amend their pleadings to allege sufficient fact

and evidence, but Plaintiffs had an opportunity to amend their complaint after removal in May 2022 and again after Defendant filed its motion to dismiss. They did not do so. Now, after, judgment has been rendered, they ask for leave to amend. But they again fail to specify any facts that could entitle them to relief.

### V.     CONCLUSION

For the foregoing reasons, Plaintiffs Patrician Management, LLC and New Orleans Navy Housing LLCs' Motion for Reconsideration is **DENIED**.

New Orleans, Louisiana, this 2nd day of June, 2023.

_____
**UNITED STATES DISTRICT JUDGE**